# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE CARTER, *Petitioner,* v. DISTRICT ATTORNEY OF PHILA., et al., *Respondents.* | CIVIL ACTION NO. 15-5719 |

**PAPPERT, J.**                                                                    May 2, 2017

## MEMORANDUM

Antoine Carter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon consideration of the record, Magistrate Judge Thomas J. Rueter's Report and Recommendation ("R & R"), and Carter's objections thereto, the Court adopts the R & R and denies Carter's petition.

## I.

Carter gave $10 to an acquaintance, Larry Smalls, to buy beer. (Super. Ct. Direct Appeal, at 1, Ex. I, ECF No. 1-1.) When Smalls failed to do so, Carter punched him in the face (which immobilized Smalls), stole his wallet and then proceeded to assault Smalls over the course of twelve hours, eventually throwing him down a flight of stairs. (*Id.* at 2.) Following a bench trial, Carter was convicted of aggravated assault, robbery and recklessly endangering another person. (*Id.* at 1.) On July 24, 2008, he was sentenced to 25 to 50 years imprisonment. (*Id.* at 3.)[1] Carter appealed to the Pennsylvania Superior Court, which affirmed the judgment of sentence on July 1,

---

[1]      Because this was Carter's third conviction for a crime of violence, he faced a 25 year mandatory minimum sentence. (Sentencing memo, Ex. B, ECF No. 1-1); *See also* 42 P.S. § 9714(a)(2).

1

2011.  (*Id.* at 1.)   On December 14, 2011, the Supreme Court of Pennsylvania denied Carter's petition for allowance of appeal.  *Commonwealth v. Carter*, 34 A.3d 825 (Table) (Pa. 2011).

Carter filed a timely Post Conviction Relief Act ("PCRA") petition on January 27, 2012.  *Commonwealth v. Carter*, No. 311-EDA-2014, 2015 WL 7573836, at *1 (Pa. Super Ct. Jan. 12, 2015).  The trial court denied the petition and the Superior Court affirmed on January 12, 2015.  *Id.*   The Supreme Court of Pennsylvania denied review on June 25, 2015.  *Commonwealth v. Carter*, 117 A.3d 1280 (Table) (Pa. 2015).  Carter filed a timely petition for a writ of habeas corpus on October 19, 2015.  (ECF No. 1.)

**II.**

The Court reviews *de novo* those portions of the R & R to which Carter objected. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

A writ of habeas corpus shall not be granted unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  "A habeas corpus petition prepared by a prisoner without legal assistance may not be skillfully drawn and should thus be read generously."  *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

**III.**

Carter's habeas petition raises one timely and properly exhausted claim: direct appellate counsel was constitutionally ineffective for failing to argue that missing trial transcripts entitled Carter to a new trial. (Pet., at 8, 10, ECF No. 1.) The R & R rejected this claim and recommended that Carter's petition be dismissed with prejudice. Carter's objections do not directly respond to the R & R, but instead raise specific questions about appellate counsel's behavior and reiterate his claim that he is entitled to a new trial because of unavailable trial transcripts. *Cf. Drew v. Wetzel*, No. 15-2725, 2017 WL 1326141, at *2 (E.D. Pa. Apr. 11, 2017) ("A court is not required to review general objections."). Nevertheless, the Court reviews the entire R & R *de novo*.

**A.**

After Carter's conviction, his direct appellate counsel filed a statement under Pennsylvania Rule of Appellate Procedure 1923, which provides in part that "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means." Pa. R. App. P. 1923. Carter's appellate counsel then filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining that in her view, there were no meritorious grounds for appeal. *Carter*, 2015 WL 7573836, at *1.

Carter, relying on *Commonwealth v. Shields*, 383 A.2d 844, 846 (Pa. 1978), argues that his counsel should have filed a request for a new trial based on the unavailability of the trial transcript. "In order to assure that a defendant's right to appeal will not be an empty, illusory right," the Supreme Court of Pennsylvania has held that he or she must "be furnished a full transcript or other equivalent picture of

3

the trial proceedings." *Id.* Carter argues that the Rule 1923 statement was inadequate. He contends he would have received a new trial if his appellate counsel had objected to the lack of transcripts instead of filing a Rule 1923 statement and an *Anders* brief.

The Pennsylvania Superior Court rejected this argument in Carter's PCRA review. It explained that Carter "fail[ed] to recognized that to establish entitlement to relief based on the incompleteness of the record, [he] 'must first make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript.'" *Carter*, 2015 WL 7573836, at *2 (citation omitted); *see also Commonwealth v. Lesko*, 15 A.3d 345, 411 (2011). Carter failed to do this. His only challenge on direct appeal was the sufficiency of the evidence at trial; in particular, Carter claimed the victim's testimony was not credible. *Id.* Because the Superior Court does not make credibility determinations, nor does it substitute its judgment for that of the trial court, it would not have reversed the trial court based on its own assessment of the victim's credibility—complete trial transcript or not. *Carter*, 2015 WL 7573836, at *3. Therefore, the Superior Court concluded that direct appeal counsel was not ineffective.

### B.

To raise a successful claim alleging ineffective assistance of counsel, a defendant must first establish that counsel's errors were "so serious that counsel was not functioning as the 'counsel guaranteed . . . by the Sixth Amendment.'" *Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In other words, this element is satisfied if "counsel's performance fell outside the bounds of competent representation." *Id.* A defendant must also demonstrate

4

prejudice—"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694.) Thus, "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

When reviewing claims of ineffective assistance of counsel in a habeas petition, however, the Court does not simply apply the *Strickland* standard. Instead, AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotation and citation omitted). Thus, the question is not whether the Superior Court's *Strickland* analysis was right or wrong, but whether it was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Because *Strickland* required the Superior Court to give counsel deference and AEDPA requires a federal court reviewing a habeas petition to give the state court deference, review of Carter's claims here is said to be "doubly" deferential. *Harrington*, 562 U.S. at 106.

Far from making an error "beyond any possibility for fairminded disagreement," *Harrington*, 562 U.S. at 103, the Superior Court correctly applied *Strickland* when it denied Carter's ineffective assistance of counsel claim. For this reason, his habeas petition must be denied.

5

## IV.

Because Carter has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not debate the dispositions of his claims, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[2]

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] Third Circuit Local Appellate Rule 22.2 states: "At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under Section 2254 or Section 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue."